■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ERNEST GOODMAN, SR., Appellant.— Appeal from a judgment of the County Court of Rensselaer County, rendered upon a verdict convicting defendant of the crime of manslaughter in the first degree. Appellant assigns as the " principal error relied on in this appeal " the trial court's response to this question asked by the jury upon returning to the courtroom after commencing its deliberations: " Was a statement taken in the hospital from, Dora Goodman [the victim] as to how she received her wounds? If so, may we see it or an exact copy? " The court replied: " In answer to your question, I wish to say that any statement made in a hospital by Dora Goodman, if one were made, would clearly fall within the hearsay rule and would be inadmissible, so you are not to concern yourselves with something that is not in evidence, and this matter is clearly outside any point that you should decide or discuss among yourselves. It would be within the hearsay rule. Any statement by Dora Goodman in the hospital would be inadmissible and you are not to concern yourselves with it." Appellant correctly argues that the court's exposition was erroneous in that not

every statement by the decedent would necessarily have been inadmissible, but that a statement might be received if shown to be a dying declaration or to be within some other exception to the hearsay rule. Nevertheless, the inaccurate or incomplete statement of the rule of evidence was not an instruction on which the jury was to act in its determination of the case or one by which it might be misled; and the court made it abundantly clear that the jurors were "not to concern [themselves] with something that is not in evidence", and twice repeated the substance of that admonition. The error was not called to the court's attention by objection, by exception or otherwise and, in context, seems to us to have been completely harmless. We find, in the record generally, no error of moment and certainly none which affected any substantial right of the defendant. (Code Crim. Pro., § 542.) The evidence of guilt which the jury was entitled to accept was strong, if not, in fact, overwhelming. The trial court supervised the trial with scrupulous fairness and submitted the case to the jury under an exemplary charge, to which no exception was interposed. Judgment unanimously affirmed. Present — Bergan, P. J., Coon, Gibson, Herlihy and Taylor, JJ.